# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

TONY WILLIAMS                                           PETITIONER

v.                          NO. 5:14-cv-00297 JM/HDY

RAY HOBBS, Director of the                       RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## RECOMMENDATION

In November of 2013, petitioner Tony Williams ("Williams") was charged with a major disciplinary as a result of several disciplinary code violations that occurred when he was observed in an unauthorized area receiving a tattoo from another inmate. Williams pleaded not guilty to the violations, and a disciplinary hearing was held. At the conclusion of the hearing, he was convicted of all but one of the violations and received a reduction to class IV, thirty days punitive isolation, and forfeited 365 days of good time. He appealed his conviction and punishment to the appropriate officials with the Arkansas Department of Correction, but his efforts to overturn his conviction and punishment were unsuccessful.

Williams commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he maintained that multiple irregularities occurred during the disciplinary process, the result being that he was denied due process of law. He specifically identified the irregularities as follows: 1) no contraband was seized, and a confiscation form was not issued; 2) he was not in an unauthorized area; 3) the charge did not state the items seized; 4) the infirmary staff never tested his tattoo; 5) the disciplinary hearing officer had a conflict of interest; and 6) no tattooing motor was ever found. See Document 10, Exhibit A. He sought the following relief in his petition: A) reversal of the disciplinary, B) restoration of his class and good time, or (C) alternatively, reversal of two of the code violations and suspension of his punishment.

Respondent Ray Hobbs ("Hobbs") filed a response to the petition and offered three reasons why it should be dismissed. He first maintained there is no subject-matter jurisdiction. He maintained that Williams' punishment does not affect the fact or duration of his confinement, and "[c]laims that do not challenge the fact or duration of a prisoner's confinement are not cognizable in federal habeas." See Document 9 at 2. Second, Hobbs maintained that Williams' claims do not implicate a constitutionally protected liberty interest. Last, Hobbs maintained that "the disciplinary hearing process afforded to Williams satisfies the due process requirements of Wolff v. McDonnell, 418 U.S. 539 (1972)." See Document 9 at 4.[1]

Williams filed a short rebuttal to Hobbs' response. In the rebuttal, Williams addressed a number of issues raised by Hobbs, one of which was his assertion that the major disciplinary does not affect the duration of Williams' sentence. Williams maintained that the disciplinary will indeed affect the duration of his confinement.

The undersigned has thoroughly reviewed the record and finds it unnecessary to determine whether there is subject matter jurisdiction or whether Williams' claims implicate a constitutionally protected liberty interest. It is not necessary because Williams' claims warrant no relief. It is therefore recommended that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. It is also recommended that a certificate of appealability be denied.

---

[1] It is worth noting that Hobbs did not offer Williams' failure to exhaust his state remedies as a reason for seeking the dismissal of his petition.

"In a prison disciplinary proceeding, the prisoner must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, consistent with correctional goals and safety, to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action." See Dible v. Scholl, 506 F.3d 1106, 1110 (8th Cir. 2007) [citing Superintendent v. Hill, 472 U.S. 445 (1985); Wolff v. McDonnell, 418 U.S. 539 (1974)]. The requirements of due process are satisfied if there is "some evidence" in the record to support the disciplinary action. See Superintendent v. Hill, supra. (relevant question is whether there is some evidence supporting conclusion reached by disciplinary board).

Williams does not allege that he failed to receive advance written notice of the disciplinary charges, was not accorded an opportunity to call witnesses and present a defense, or was not given a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action. Instead, he challenges perceived irregularities in the disciplinary process.

The undersigned has reviewed the record and finds that Williams' claims warrant no relief for two reasons. First, there is some evidence to support the disciplinary. The disciplinary hearing officer could and did rely upon the following in convicting and punishing Williams: the 005, or incident report, prepared by the charging officer; the F-1 statement from the charging officer; an e-mail from an infirmary official who attested to Williams' "recently applied tattoo;" and the photographs taken of Williams and his tattoo. See Document 9, Exhibit A.

Second, the irregularities noted by Williams do not warrant disturbing the disciplinary. With regard to his assertions that no contraband was seized, a confiscation form was not issued, and the charge did not state the items seized, the undersigned need only quote from the Warden's dismissal of Williams' appeal: "Your claim of no one receiving a confiscation form is not relevant to your case. The tattoo was on your body and the tattoo was fresh." <u>See</u> Document 9, Exhibit A at 10. Williams' assertions that he was not in an unauthorized area, the infirmary staff never tested his tattoo, and no tattooing motor was ever found are not procedural irregularities but go to the sufficiency of the evidence. As the undersigned has noted, there is some evidence to support the disciplinary. Williams last maintains that the disciplinary hearing officer had a conflict of interest, but Williams has failed to offer any support for his assertion.

On the basis of the foregoing, it is recommended that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this ___10___ day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE